Green, J.,
delivered the opinion of the court.
This is an application to the county court of Fayette county, for administration on the estate of the plaintiff’s deceased wife; and for the removal of the defendant, her brother, who has heretofore been appointed administrator.
Before the marriage of the plaintiff and the intesíate, a contract was entered into, whereby certain property was conveyed to a trustee, for the separate use of the intestate; with a power of appointment, &c., and she having died without appointment, and without issue, the question is, whether the plaintiff, as husband, or the next of kin of the wife, shall take the property. If the former, then he is entitled to the administration; if the latter, then the defendant is entitled to the administration.
To determine this question, we must examine the contract of the parties, and ascertain what was their intention in reference to the ultimate disposition of the property. For if, by the contract, the husband parted with all claim to the property, and excluded his marital right, beyond the period of cov-erture, the law will exclude him, and the property will go to the next of kin. But if on the other hand, he is not excluded beyond the period of coverture, by the plain meaning of the contract, his marital right, although suspended during the coverture, attached immediately upon the death of his wife, and he is entitled to the administration, and to the property, jure mariti.
In order to determine the meaning of the parties, it is necessary to look at the entire instrument. It is in these words : *447 This indenture of three parts, made this 26th day of May, in the year of our Lord one thousand eight hundred and forty-five, by and between Ralph W. Loftus, of the county of Nelson, and State of Virginia, of the first part, and Ann E. Hargrove, (widow and relict of John J. Hargrove, deceased,) of the same county and State, of the second part, and Nathan Lof-tus of the same county and State, of the third part, witness-eth — That whereas, a marriage is intended shortly to be had and solemnized, by and between the said Ralph W. Loftus and Ann E Hargrove; and whereas, the said Ann E. Har-grove is possessed of a small personal estate, consisting of the following slaves, a yellow woman named Lucy, and her four children, Robert, Chester, Betty, and Lettenik, Armstead, Alexander and Fanny, and one sorrel hoi'se; and whereas, upon the contract of said marriage, it hath been agreed by the said Ralph W. Loftus, and Ann E. Hargrove, that if the same shall take effect, then notwithstanding said marriage, he the said Ralph W. Loftus, his executors, administrators, or assigns, shall not, and will not intermeddle therewith, or have any right, title or interest, either in law or equity, to the said slaves and other property herein before described, or to the hires, income, increase or profits of all, or any portion thereof, but the same shall remain, continue and be to the said Ann E. Hargrove, or to such uses and persons as she shall think fit and appoint. It being the intention of the said Ralph W. Loftus and Ann E. Hargrove, to assign and secure to her separate use and disposal, the personal property aforesaid, and thereby make a sure and certain provision for her support and maintenance, and for those persons whom she may wish to assist, to be at all times within her own direction and control. Now this indenture witnesseth, that the said Ann E. Hargrove, in consideration of the said intended marriage, and of the premises, and of five dollars to her in hand paid by the said Nathan Loftus, at and before the ensealing and *448 delivery of these presents, the receipt whereof is hereby acknowledged, and for divers other considerations her thereunto moving, and by and with the consent and approbation of the said Ralph W. Loftus, testified by his signing and sealing these presents, hath granted, bargained, sold, assigned, transferred and set over, and doth by these presents grant, bargain, sell, assign, transfer, and set over, unto the said Nathan Loftus, his executors, administrators and assigns, all the said slaves, and other property heretofore described, consisting of a yellow woman named Lucy, and her four children, Robert, Chester, Betty, and Lettenik, Armstead, Alexander and Fanny, and one sorrel horse, together with the future increase of the female slaves aforesaid; to have, and to hold the aforesaid slaves, and other property hereby conveyed, and the future increase of the female slaves aforesaid, unto him the said Nathan Loftus, his executors, administrators and assigns, upon such trusts, nevertheless, and to and for such interests and purposes, and under such provisos and agreements as are hereinafter mentioned and set forth — that is to say, in trust for the said Ann E. Hargrove, and her assigns, until after the solemnization of the said intended marriage, and from and after the solemnization thereof, then upon trust, that he the said Nathan Loftus, his executors, administrators or assigns, shall permit the said Ann E. Hargrove, or such person as she shall, by deed duly executed, acknowledged and recorded, or by her last will and testament in writing, duly proved and recorded, appoint, and in default of such appointment, the administrator of the said Ann E. Hargrove, to keep and enjoy, and at her, or their will, to sell and dispose of the slaves and other property aforesaid, hereby conveyed, and all the hires, increase, profits and produce, to arise and be produced from the same for her, and their own proper use; and that the said Ralph W. Loftus shall not intermeddle therewith; and that the same, or any part thereof, or the hire, fu *449 ture increase or profits thereof, or any part of them, shall not be liable to his control, debts or disposal, but shall remain wholly in the power, and at the disposal of the said Ann E. Hargrove, the intended wife of the said Ralph W. Loftus; and the said Ralph W. Loftus, in consideration of the premises, and of five dollars paid him, covenants and agrees with the said Nathan Loftus, his executors and administrators,that the slaves, and other property hereby conveyed, and the hires, future increase and profits thereof, in all respects whatsoever, shall be held and managed by him, the said Nathan Loftus, to and for the sole and separate use, benefit and disposal of the said Ann E. Hargrove, and that the same, in no manner whatsoever, shall be subject to the control, direction or disposition of him, the said Ralph W. Loftus, or liable for any of his debts; and the said Ralph W. Loftus further covenants and agrees, that it shall be lawful for the said Ann E. Har-grove, according to her own will and pleasure, during the said marriage, to demand, have and receive, of and from the said Nathan Loftus, all, or any portion of the slaves, or other property aforesaid, hereby conveyed, or all, or any portion of the hires, future increase and profits thereof, on her request, or order made in writing, and to dispose thereof as she may think proper by her last will and testament, or by deed as hereinbefore stated. And the said Nathan Loftus for himself, his executors, administrators and assigns, doth hereby covenant to and with the said Ralph W. Loftus and Ann E. Har-grove, severally and with their several and respective executors, administrators and assigns, that the said Nathan Lof-tus will faithfully, and truly perform and fulfil, from time to time, and at all times, all and singular the trusts aforesaid, according to the true intent and meaning of these presents; and that he will well and truly account, from time to time, of and for his doings, receipts, and other proceedings in the premises; and further, that he will not injure, waste, or con- *450 veri, to his own use, or suffer to be injured, wasted, or converted to his own use, the slaves and other property aforesaid, or any part thereof, or the hires, profits and future increase thereof, or any part thereof, which shall come to his hands, by virtue of the trusts aforesaid, but will in all things manage the same to the best advantage of all parties concerned in interest.”
The above instrument was duly executed by the parties, and the marriage took place. Mrs. Loftus has died, and the husband claims the right to administer, on the ground that his marital right to the property was only suspended during the coverture, and on the death of his wife, attaches to the property, and gives him the title to it.
On the other hand, it is insisted, that by this contract, the husband excludes himself from all right to the property, conveyed in the deed, whether during coverture, or subsequently.
We think that a just interpretation of this instrument, evinces the intention of the parties; that the husband’s marital rights in relation to this property, should be entirely relinquished. And if that beso, the legal consequence is, that-the next of kin of the wife, are entitled to the property, by force of the statute of distributions.
The trusts stated in the deed, are, to permit the said Ann E. Hargrove, or such person as she shall, by deed or will appoint, and in default of such appointment, “the administrator of the said Ann E. Hargrove, to keep andjenjoy, and at her or their will, to sell and dispose of the slaves and other property aforesaid, hereby conveyed, and all the hires, increase profits and produce, to arise and be produced from the same, for her and their own proper use, and that the said Ralph W. Loftus shall not intermeddle therewith.”
Now, here is a stipulation that evidently looks beyond the life of the wife, in which the husband expressly stipulates, *451 that he will not “intermeddle” with the property, or its produce; and he thereby relinquishes all right to the estate.
We do not place any stress upon the limitation, in default of appointment, “to the administrator of Ann E. Hargrove,” as in anywise excluding the husband, on the ground, that it was the intention to vest anything beneficially, in the administrator. On the contrary, the limitation to administrators, in a conveyance of personal chattels, like a limitation to right heirs, in a conveyance of real estate, has the effect only, of vesting in the first taker, an unqualified estate.
But the limitation, to her administrator, to dispose of the slaves, their hires, and produce, “for their own use, and that the said Ralph W. Loftus, shall not intermeddle therewith,” renders the meaning of the parties, as to the extent that the husband intended to part with his rights, entirely plain. It shows that they were contemplating a period when the property would be in the hands of an administrator, and that they intended to stipulate, that in such an event, the husband would set up no claim to it, or “intermeddle therewith.”
The language above referred to, is a more direct and ex: plicit renunciation of all right, on the part of the husband, than that employed in the instrument, in the case of Hamrico vs. Laird, 10 Yerg. R., 222. In that case, Hamrico bound himself, “to relinquish all claim he has, or ever could have to the property or money, so purchased, either in law or equity, that he might acquire by marrying and becoming the husband of said Sarah Tuttle.”
Here, Loftus speaking of a period beyond the life of his wife, says, he will not intermeddle with the property, or its profits or produce.
In both cases, the husband excludes himself; and the property is left to be disposed of under the statute of distributions to the next of kin. The husband is not next of kin, and therefore, if excluded as husband, he is excluded altogether.
*452 Neither the case of Ward vs. Thompson, (6 Gill & Johnson, 349,) nor the case of Marshall vs. Beal, (6 Howard R., 70,) indicate, with any thing like the clearness and certainty, that the one before us does — the intention to exclude the husband entirely, and yet in both cases, the husband was excluded.
We are therefore of opinion, that the plaintiff in error has no right to this estate, and therefore, is not entitled to the administration.
Affirm the judgment.